***********
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff filed her Affidavit Form T-1 on April 11, 2002.
2. Defendant filed a Motion to Dismiss, arguing six separate bases, and raised a statute of limitations defense in a pleading filed May 17, 2002.
3. Plaintiff testified that employees of defendant did not assist her with her problems to her satisfaction. Plaintiff testified that she was "discriminated against" by employees of the defendant because of her race and because of others' perceptions about her mental capacity. Plaintiff described events involving her former landlord, a HUD investigation, events transpiring with the Consumer Protection Section of the Attorney General's Office, and a purported "retaliatory eviction" going back to 1998.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
The Tort Claims Act does not grant the Industrial Commission subject matter jurisdiction over claims involving constitutional rights violations or other forms of discrimination. Under the Tort Claims Act, the State has only waived its immunity for suits based upon negligence, and the Commission does not have jurisdiction over claims based on intentional acts. Plaintiff's allegations against the defendant fail to state a claim under the Tort Claims Act, and thus the Commission lacks subject matter jurisdiction in this matter.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the North Carolina Tort Claims Act must be, and is hereby, DENIED.
2. Each side shall bear its own costs.
This 19th day of March 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_______________ DIANNE C. SELLERS COMMISSIONER